UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| JUSTIN SCHMIDT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 25-105-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ERIE INSURANCE COMPANY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

This matter is pending for consideration of Plaintiff Justin Schmidt's ("Schmidt") motion to remand. [Record No. 4] Schmidt argues that Defendant Erie Insurance Company's ("Erie") removal of the action to this Court was untimely because Schmidt served "Erie Insurance" with the Summons and Complaint on February 12, 2025; however, Erie did not remove the matter until July 24, 2025. But Erie contends that "Erie Insurance" is not a legal entity; therefore, removal was proper in light of a July 11, 2025, proposed agreed order substituting "Erie Insurance Company," as the defendant. Concluding the earlier deadline applies, the Court will remand the case to Campbell County Circuit Court.[1]

**I.**

The parties do not appear to dispute the case's procedural history. Instead, they disagree regarding its implications. On February 12, 2025, the Summons and Complaint were

---

[1]    Factual assertions in Schmidt's reply brief [Record No. 6] will not be considered in the decision to remand the case. Although the parties seem to agree on all facts, Erie only had the opportunity to respond to (and thus, agree or disagree with) factual allegations in Schmidt's initial motion to remand. [Record No. 4]

served on "Erie Insurance" at a registered agent for service (S&H Lexington, LLC).  [Record No. 4, p. 1] Both parties agree that "Erie Insurance" is an entity that *does not exist*.  After "Erie Insurance" was served, counsel for the parties engaged in settlement discussions.[2]  The additional facts that follow are representations made by Schmidt to which Erie had no opportunity to respond to.  Although the Court will not factor these allegations into its decision out of an abundance of caution, and suspects they are uncontested, they only serve to provide some context.

According to Schmidt, counsel for Erie forwarded a "Reservation of Rights" letter from December of 2024, in which the words "Erie Insurance" are listed in large print in the top left corner.  [Record No. 6-1] Further, in the first paragraph, the letter provides, "[d]ear Mr. and Mrs. Schmidt, this letter is in reference to the above-captioned claim reported to Erie Insurance Company (ERIE)[.]" [*Id.*, p. 1] Schmidt states that a status hearing in the Campbell Circuit Court was scheduled for June 2, 2025.  [Record No. 6, p. 2] At that point, even after the conference, counsel for Erie still took no action to correct the Schmidt's "Erie Insurance" misnomer.

Finally, on July 11, 2025, the parties filed an agreed order in state court that corrected "Erie Insurance" to "Erie Insurance Company."  [*Id.*; Record No. 5, p. 2] Thereafter, on July 24, 2025, Erie removed the case to this Court.  [Record No. 1] Erie argues the removal was timely, because "Erie Insurance Company" was not a defendant until July 11, 2025.  Schmidt contends, however, that Erie had notice of the action, and the case should have been removed on or before March 12, 2025.

---

[2]    Crucially, counsel for Erie admitted to participating in settlement talks in Erie's response.  [*See* Record No. 5.]

## II.

### A.    Removal

A defendant has the burden of establishing that removal is proper and may do so if the action could have been brought to federal court in the first place. *See Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); *see also* 28 U.S.C. § 1441(a).  "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006) (quoting *Brown v. Francis,* 75 F.3d 860, 864–65 (3d Cir. 1996)) (citation modified).

Title 28 of the United States Code, section 1446, provides in relevant part that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  28 U.S.C. § 1446(b)(1). However, § 1446(b)(3) provides a limited exception.

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).  Notably, and relevant here, "the language in § 1446(b) conferring a 30-day opportunity for removal upon 'the defendant' does not address, much less unambiguously resolve, a situation like the one presented here, where the initial pleading misnames the defendant." *Iulianelli v. Lionel, L.L.C.*, 183 F. Supp. 2d 962, 968 (E.D. Mich. 2002).

## B.    Real Party Defendants in Interest

Rule 17 of the Federal Rules of Civil Procedure states that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). The plain text of the rule only refers to plaintiffs, but its construction has evolved over time to include defendants. "The phrase 'real party defendant in interest' appears to have entered federal jurisprudence in 1886 in the syllabus to an opinion ruling that the wife of an executor was the real party defendant in interest whose assets would be diminished by the lawsuit." *La Russo v. St. George's Univ. Sch. of Med.*, 747 F.3d 90, 96 (2d Cir. 2014) (internal citations omitted). Although 'real party defendant in interest' first originated in a lone opinion from the District of Connecticut, "[t]he phrase has [since] been used mostly by district courts, occasionally by courts of appeals, and once by the Supreme Court." *Id.* (citing *Lumbermen's Mut. Cas. Co. v. Elbert,* 348 U.S. 48, 51 (1954)). Its pertinence is addressed below.

## III.

Erie advances two arguments in opposition to remand. First, it argues that its 30-day window to remove the case began on July 11, 2025, because that was the first time it (the proper defendant, rather than "Erie Insurance") was named in the case. It also contends that "the amount in controversy sought against <u>Erie Insurance Company</u> was not reasonably ascertainable to exceed $75,000.00 in damages exclusive of costs and interest until within 30 days prior to the removal." [Record No. 5, p. 1 (emphasis in original)]

## A.    Misidentification or Misnomer?

The Court must determine as an initial matter whether this case falls within one of two categories—a misidentification, or a misnomer. "In situations where the complaint does not state the correct party, courts have recognized a difference between misnomers and

misidentifications."  *Bartell v. Liberty Mut. Pers. Ins. Co.*, No. 1: 23-CV-00377-NT, 2024 WL 1090308, at *3 (D. Me. Mar. 13, 2024).

A misidentification occurs when a plaintiff sues a real, distinct, often related party (the *wrong* party) instead of the defendant he intends to sue.  *See Harris v. Meridian Sec. Ins. Co.*, No. 4:19-CV-00507-P, 2019 WL 8071872, at *2 (N.D. Tex. Oct. 9, 2019) ("[M]isidentification occurs "when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity.") (citing *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex. 1999); *Ki Beom Kim v. Dyna Flex, Ltd.*, 525 F. Supp. 3d 999, 1003 (E.D. Mo. 2021) ("Misidentification occurs when a plaintiff 'made a mistake in selecting the proper party to sue,' and must add and serve process on the new defendant.  When a party must be added due to misidentification, the clock on removal does not run until the new party has been served.") (internal citations omitted).

A misnomer represents something different.  In a case involving a misnomer, the plaintiff sues the *correct* party but bungles its name in the process.  *See Bartell*, 2024 WL 1090308, at *3 (D. Me. Mar. 13, 2024) ("Misnomer cases arise in a few different situations. One is where the correct party was served but the complaint named their trade name, a company that did not exist, or their predecessor, so that it was clear the proper defendant understood the suit was against them.");  *Dyna Flex*, Supp. 3d 999, 1003 ("Substituting a party is appropriate to correct a misnomer, which is a 'misdescription or a mistake in some aspect of a party's name.'") (citing *Groh v. JPMorgan Chase Bank, N.A.*, No. 14-CV-40-W-DGK, 2014 WL 1687696, at *2 (W.D. Mo. Apr. 29, 2014)); *Jones v. Baptist Healthcare Sys., Inc.*, 964 S.W.2d 805, 808 (Ky. Ct. App. 1997) (noting that when plaintiffs "are not attempting to add a different party, they are attempting to correct a misnomer in the original complaint.").

Erie argues these circumstances represent a misidentification, but its interpretation does not align with the undisputed facts and the information before the Court. [*Contra* Record No. 5, p. 2 n.2] The state court complaint names "Erie Insurance, a.k.a. Erie Property & Casualty Company" as the defendant. This evidences Schmidt's intent to sue "Erie Insurance," and his belief that Erie Property & Casualty Company was a trade name or "d/b/a." Additionally, "Erie Insurance" is an entity that does not exist. *See Bartell*, 2024 WL 1090308, at *3 (explaining that misnomers include situations in which an action is initiated against "a company that did not exist"). Further, a misidentification "arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity." *Minnesota v. GoodLeap, LLC*, No. 24-CV-1181, 2024 WL 4542229, at *6 (D. Minn. Oct. 22, 2024) (citing *Bartell*, 2024 WL 1090308, at *3). That is not the case here.

## B.      Remedies for Misnomer

Concluding this case represents a misnomer rather than a misidentification, what are the implications? Courts reaching this point have generally asked one of two questions. First, may a "real party in interest" defendant remove a case to federal court despite being misnamed? Second, is remand appropriate when, as here, parties—previously on notice of the suit through a misnomer—are substituted as a defendant, but only remove after their name is corrected? The answer to both questions is generally yes.

The United States Court of Appeals for the Sixth Circuit has not yet addressed whether a "misnamed" defendant in a complaint jumpstarts the 30-day clock for removal.[3] But an overwhelming majority of *other* courts agree that a misnamed party *must* remove the case

---

[3]      Several district courts within the Sixth Circuit have addressed the question.

within 30 days of being served, even though its name is incorrect. These courts have disposed of the issue on two distinct grounds. First, they agree "that the concept of a 'real party defendant in interest' is not only entirely valid, it is an important aspect of removal jurisprudence[.]" *La Russo*, 747 F.3d at 97. And a defendant that is merely misnamed *is* still the real party (defendant) in interest. Second, allowing a party to extend the 30-day period because of a misnomer contravenes the traditional understanding of § 1446(b)(1)'s 30-day deadline.

Here, counsel for Erie was aware that Schmidt's complaint naming "Erie Insurance" referenced Erie, the real party defendant in interest, and not another entity. This is evidenced by counsel's engagement in settlement discussions, despite Erie being misnamed. Schmidt "intended to sue a corporate entity of diverse citizenship and has succeeded. The real party in interest sued by [the] plaintiff is the entity that does business under the fictitious name [previously] appearing in the caption." *M.E. Aslett Corp. v. Crosfield Electronics, Inc.,* No. 86 CIV. 3549, 1987 WL 7023 at *2, (S.D.N.Y. Feb. 17, 1987).

Further, Erie's contentions "that a) the 'misnomer' must still name a valid legal entity as the defendant; and b) that the plaintiff must have a reasonable excuse for the misnomer" run contrary to the overwhelming body of case law. [*Contra* Record No. 5, p. 5 n.6]; *see La Russo*, 747 F.3d at 96 ("'Removal cannot be denied to this defendant merely because plaintiff improperly sued its fictitious trade name.'" (quoting *Crosfield Electronics, Inc.,* 1987 WL 7023; *Dyna Flex*, Supp. 3d 999, 1003 ("Courts have consistently held that the 30-day removal period for a real party defendant in interest begins as soon as the party is on notice of the plaintiff's mistake."); *Hillberry v. Wal-Mart Stores E., L.P.,* No. 3: 05-CV-63, 2005 WL 1862087, at *1 (W.D. Ky. Aug. 3, 2005) ("Even where no amendment takes place, case law

has rejected a corporation defendant's claim that its removal was timely because the original state court complaint named the wrong defendant (a non-entity) and the case was not removable until … the plaintiff amended the complaint to name the correct entity."); *see also Rose v. Giamatti*, 721 F. Supp. 906, 914 (S.D. Ohio 1989) ("A real party in interest defendant is one who, by the substantive law, has the duty sought to be enforced or enjoined.").  Thus, under the "real party defendant in interest" principle, Schmidt's misnomer of "Erie Insurance Company" is of little consequence because Erie was served with (and aware of) the misnamed summons and complaint.

Next, there is a certain irony in Erie's reference to Kentucky law, which explains that "[a] litigant should not be able to just mention an issue, take no affirmative action to correct it, litigate the issues in the case for years, and then insist on starting over with a newly named entity." *Progressive Direct Ins. Co. v. Hartson*, 661 S.W.3d 291, 299 (Ky. Ct. App. 2023).  It appears that is nearly exactly what Erie did here.  According to Erie, it "previously reached out to, and [had] been in contact with, counsel of record for the Plaintiff on prior occasions, in an effort to work through the disputed issues in an informal resolution process."  [Record No. 5, p. 5] Notably, this "informal resolution process" began in February, and the summons and complaint were served on "Erie Insurance" on February 12, 2025.  But Erie decided not to address its misnomer until July 11, 2025, or nearly five months later.  [*Id.*, p. 2]

> "It is a rule of practice recognized by this court that, if the defendant to an action, though sued in the wrong name, was in proper person before the court and litigated with the plaintiff about the subject of controversy, a judgment against him on the merits of the case is as valid and effectual as if he had disclosed, and the action had been rendered in his true name.

*Stange v. Price*, 191 Ky. 734, 231 S.W. 532, 533 (1921).  Kentucky courts have long contemplated the broader concept of a real party defendant in interest—and engender little

- 8 -

sympathy to defendants attempting to exploit a misnomer to their later benefit.[4] *See*, *e.g.*, *Keck v. Hafley*, 237 S.W.2d 527, 528 (Ky. 1951) (acknowledging party's argument that "the Commonwealth of Kentucky was the real party in interest, and should have been made a defendant").

Erie also protests that under this paradigm "even if the initial lawsuit fails to name a valid legal entity, the intended target must take steps to correct this mistake … and … better hope that it can be accomplished within 30 days, or else the intended target is out of luck when it comes to removal."   [Record No. 5, p. 5] The undersigned disagrees with this characterization because Erie: (1) could have moved to dismiss the action in state court without prejudice due to the misnomer; and (2) could have removed the action 30 days from the initial February 12, 2025, date of service if it chose to do so.

The other justification for a stricter view of this deadline stems from the traditional purpose of § 1446(b)(1).  Ultimately, the 30-day period "assures defendants adequate time to decide whether to remove an action to federal court." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  It was not, however, intended to provide unlimited time for defendants to sit on their hands before acting.  The undersigned agrees that "[a] contrary conclusion would undermine the purpose of the statutory 30-day deadline for removal, as it would supplant this limited period with an open-ended opportunity to be exercised at virtually any time, subject only to the vagaries of state court proceedings and the parties' strategic considerations." *Iulianelli*, 183 F. Supp. 2d at 966.

---

[4]   Rule 17.01 of the Kentucky Rules of Civil Procedure is distinct from its federal counterpart in a few respects.  However, subsequent interpretations thereof have also included defendants.

### C.    Amount in Controversy

A party "can avail itself of § 1446(b)(3)'s later 30-day window … only if three elements are met." *Nessel v. Enbridge Energy, LP*, 104 F.4th 958, 965 (6th Cir. 2024), *cert. granted sub nom. Enbridge Energy, LP v. Nessel*, No. 24-783, 2025 WL 1787715 (U.S. June 30, 2025).[5]   A defendant must show: (1) the case was not initially removable; (2) something changed that rendered it removable; and (3) "no more than 30 days before … it filed its notice of removal—it received 'a copy of an amended pleading, motion, order or other paper from which it could first be ascertained that the case is one which is or has become removable.'" *Id.* (citing § 1446(b)(3)) (citation modified).

Erie asserts that because "the damages sought became reasonably ascertainable by Erie Insurance Company to exceed the jurisdictional threshold within 30 days of it becoming a named defendant, the removal is timely." [Record No. 5, p. 1] In support, counsel for Erie states that he "sought clarification via e-mail dated July 11, 2025, as to whether Plaintiff conceded the applicability of a particular insurance policy provision which provided a substantial limitation (only $10,000.00 in available coverage) over any financial obligations that Erie might have concerning the subject fire damage to the residence." [*Id.*, p. 5] Counsel further asserts that, "[w]hen Plaintiff's counsel *did not respond* to this inquiry within approximately two weeks, the removal process was initiated, well in advance of 30 days after "Erie Insurance Company" became a defendant." [*Id.* (emphasis added).] This argument fails for the following reasons.

---

[5]    Although certiorari was granted, the matter remains pending before the United States Supreme Court.  However, the issues addressed there are distinct and have no bearing on the Court's inquiry in this case.

First, Erie could have attempted to ascertain whether Schmidt would stipulate the $10,000 coverage limitation applied (which, if conceded, would preclude federal subject matter jurisdiction) much earlier than July 11, 2025. And the proposed agreed order the parties entered in state court correcting Erie's name does not alter this conclusion. If counsel for Erie had authority to engage in settlement talks prior to "Erie Insurance Company's" in-name substitution, he could have just as easily inquired regarding whether Schmidt would agree that the subject limitation applies.

Second, Erie's purported impetus for removal was Schmidt's counsel's *non-response* to an email about the exclusion, *not* the knowledge that Schmidt would not concede the exclusion is applicable. In other words, even if the Court ignored Erie's earlier 30-day removal deadline, a non-response from Schmidt's counsel provides Erie *no new information* concerning the exclusion's applicability. Simply put, nothing actually changed. *See Enbridge Energy*, 104 F.4th at 965 (Erie "must show that some variable changed that transformed this initially non-removable case into one that was removable"). Thus, Erie's argument that it only realized potential damages could exceed $75,000 exclusive of interests and costs by July 24, 2025, fails because that information (or lack thereof) (1) did not transform the case into a removable one and (2) could have been solicited earlier.

## IV.

Erie fails to meet § 1446(b)(1)'s 30-day deadline. Accordingly, it is hereby

**ORDERED** as follows:

1.      Plaintiff Justin Schmidt's motion to remand [Record No. 4] is **GRANTED**.

2.      This matter is **REMANDED** to the Campbell County Circuit Court and **STRICKEN** from this Court's docket.

- 12 -

Dated: September 2, 2025.



Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky